## Peter Lenz v. George Sherrott.

*City ordinances: Repeal: Animals running at large.* A city ordinance prohibiting animals from running at large anywhere within the city limits, is repealed by the passage of an amendatory ordinance prohibiting them from running at large within such city limits "as may from time to time be designated by the common council by resolution," and providing for the repeal of "all ordinances or parts of ordinances inconsistent" therewith; and after such amendatory ordinance took effect, and until the common council had designated such limits, there was no prohibition, and cattle might run at large anywhere in the city.

*Animals running at large: Ordinances: Title.* Proceedings under said ordinances, therefore, to take up and sell a horse found running at large in such city after said amendatory ordinance took effect, and before the common council had designated the limits to which it should apply, have no force to transfer title.

*Heard October 24. Decided November 7.*

Error to Wayne Circuit.

*S. Larned* and *Henry M. Cheever*, for plaintiff in error.

*Ward & Palmer*, for defendant in error.

CHRISTIANCY, CH. J.

This was an action of replevin brought by plaintiff in error against defendant in error, for a horse. The horse, before being taken up for running at large within the city limits contrary to the ordinance of the city, mentioned below, was the property of the defendant; but was taken up and impounded on the 15th of April, 1870, and was sold to the plaintiff, according to the provisions of that ordinance, on the 23d day of April, 1870. The horse afterwards escaped from the plaintiff, and being found in the possession of the defendant, was replevied by the plaintiff in this suit.

The fourth section of the ordinance referred to (*Rev. Ordinances of 1863, p. 176*) provides: "No horse, ass, mule,

swine, sheep, goat or other cattle, and no geese or domestic fowls, shall run at large in the city limits of the city of Detroit." The ordinance then provides for taking up, impounding and selling such animals running at large contrary to the above provisions.

The only question necessary to the decision of the case, is, whether this ordinance was in force when the horse was taken up, April 15, 1870, or whether it had been repealed by an amendatory ordinance, approved March 24, 1870, so as to take away the prohibition of the fourth section, and the right to impound and sell the horse for running at large.

This amendatory ordinance embraces substantially the same subject matter as the original ordinance, but the prohibition contained in the fourth section of the original ordinance appears in the following modified form in the third section of the amendatory ordinance: "No horse, ass, mule, swine, sheep, goat or other cattle, and no geese or domestic fowls, shall run at large within *such* city limits of the city of Detroit *as may from time to time be designated by the common council by resolution.*"

By section twenty-two of this amendatory ordinance, it is enacted that, "all ordinances, or parts of ordinances, inconsistent with this ordinance, are hereby repealed;" and by section twenty-three it is declared that, "this ordinance shall take immediate effect."

On the 29th of April the council passed a resolution designating the particular limits (within the city) within which horses, etc., should not run at large.

The circuit court held that the amendatory ordinance itself, and before the resolution designating particular limits, repealed the original ordinance, and took away the prohibition against horses, etc., running at large, and that the

plaintiff, therefore, could not recover. This is assigned for error.

We think the circuit judge was clearly right in this conclusion. The original ordinance, while in force, operated as a clear and direct prohibition against the animals mentioned running at large anywhere within the city limits. It is quite manifest that the amendatory ordinance, of itself, contained no prohibition against such animals running at large anywhere within the city, and that the resolution of the council designating the limits within which they should not run at large, was necessary to create any prohibition, even within the designated limits; and that after the passage of such resolution, such animals were permitted to run at large anywhere within the city, outside of the limits designated by the resolution. As to such parts of the city as were outside of such designated limits, the resolution itself could have no effect, but all such portions of the city not covered by the resolution, would stand the same as if no resolution had been passed. And yet no one will attempt to deny that the intention of the ordinance was to allow such animals to run at large after the passage of the resolution, outside of the limits designated by it. This shows that it was not the intention of the ordinance that the portion outside of the designated limits was to be affected by the resolution, but only those within it. Again, it is clear, that if the original ordinance had never existed, there would have been no such prohibition anywhere within the city limits, till such resolution such be passed. Under the operation, then, of this amendatory ordinance, cattle might run at large anywhere in the city until the passage of such resolution. Under the operation of the original ordinance they could not. The two ordinances, therefore, even before the passage of the resolution, were, in their operation, inconsistent,

and by the very words of the repealing clause, as well as from their inconsistency without such clause, the latter repealed the former enactment, as both could not operate together.

There is no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.